UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX CORDERO,                ) | 1:09-CV-01381 SMS HC |
| )  Petitioner,            ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| )       v.                    ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| ) H. A. RIOS,                 ) | |
| )  Respondent.           ) | |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

### DISCUSSION

    Petitioner is currently in federal custody at the United States Penitentiary in Atwater, California, pursuant to a judgment of the United States District Court for the Southern District of New York for his January 31, 1997, conviction for conspiracy to commit murder in aid of racketeering. See Exhibit A, Petition. He is serving a term of 216 months. Id.

    On August 7, 2009, Petitioner filed the instant federal habeas petition. Petitioner contends that the Bureau of Prisons ("BOP") has erroneously calculated his federal sentence by failing to award credit for time served in state custody. He claims he should be awarded credit against his

federal sentence for the time he has been serving his state sentence since November of 1993.

From what the Court can discern from the petition and exhibits, Petitioner was arrested and charged for armed robbery in the State of New York on October 10, 1993. He pleaded guilty 28 days later and was sentenced to state prison. He commenced his state sentence on December 6, 1993. On July 6, 1995, Petitioner was released to the United States Marshals via a writ of habeas corpus. On July 7, 1995, he was indicted in federal court for the instant federal conviction, and then returned to state custody to continue serving his state sentence. On January 31, 1997, he was sentenced on his federal conviction. He was sentenced to a term of 216 months, to be served concurrent with any state sentence.

Petitioner relies on Kelly v. Daniels, 469 F.Supp.2d 903 (D.Or. 2007), for his argument that the sentencing court's decision to run his federal sentence concurrent with his state sentence entitles him to be awarded for all of the time he spent in state custody on his state conviction. His argument is not persuasive.  In Kelly, the court determined that the BOP had erred in calculating the defendant's good conduct time credits by basing its computation on a 42-month sentence rather than a 70-month sentence. Id. at 904. The court had sentenced the defendant to a 70-month term as required by the federal sentencing guidelines, but then adjusted the sentence to be served to 42 months "'to give defendant credit for a 28 month period of imprisonment already served by defendant . . . .'" Id. The court was clear that it was adjusting the term of imprisonment for time served as a result of his related state convictions. Id.

In this case, the district court imposed a 216 month federal sentence to be served concurrently to his state sentence for which he was presently in state custody; however, the court did not specifically order the sentence adjusted for all of the time Petitioner had served on his state conviction. It is clear the sentencing court's decision that the federal sentence be served concurrently to the state sentence meant Petitioner's federal sentence would commence at the time of sentencing, see 18 U.S.C. § 3585(a), and be concurrent to the remainder of the state sentence. In addition, the state sentence was for a conviction of an *unrelated* crime of armed robbery.  Petitioner cannot be given credit for time spent in custody prior to the date the sentence commences that has been credited against another sentence. See 18 U.S.C. § 3585(b); Sanders v. McGuire, 405 F.2d 881 (5th

Cir.1968).

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). In this case, it is clear that Petitioner is not entitled to relief and that no tenable claim for relief can be pleaded if an amendment were granted.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. A certificate of appealability is not required in this case. Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir.1997).


IT IS SO ORDERED.

**Dated:   August 26, 2009**          /s/ Sandra M. Snyder
                                                          UNITED STATES MAGISTRATE JUDGE